IN THE CIRCUIT COURT OF PHELPS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| XGEL TECHNOLOGY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 09PH-CV00148 |
| | ) | |
| v. | ) | Division: ___ |
| | ) | |
| C. I. KASEI CO., LTD. | ) | |
| | ) | |
| Serve: Mr. Akira Nishikata | ) | |
| 18-1 Kyobashi 1-chome | ) | |
| Chuo-ku | ) | |
| Tokyo 104-8321 Japan | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KUNIO KOBIYAMA d/b/a | ) | |
| KEY CONNECTIONS INTERNATIONAL | ) | |
| | ) | |
| Serve: 105 N. Ave. de la Estrella | ) | |
| Suite 4 | ) | |
| San Clemente, CA 92672 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STACEY KOBIYAMA d/b/a | ) | |
| KEY CONNECTIONS INTERNATIONAL | ) | |
| | ) | |
| Serve: 105 N. Ave. de la Estrella | ) | |
| Suite 4 | ) | |
| San Clemente, CA 92672 | ) | |
| | ) | |
| Defendants. | ) | |

FILED
JAN 29 2009
SUE BROWN
CIRCUIT CLERK
PHELPS COUNTY, MO.

RECEIVED 2009 FEB 11 PM 3:04 O.C. SHERIFF'S DEPT. SOUTH JUSTICE CENTER

## PETITION FOR DAMAGES

### ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW, Plaintiff XGEL TECHNOLOGY, LLC (hereinafter "XGEL") and for its causes of action directed against Defendant C.I. KASEI CO., LTD. (hereinafter "Defendant

EXHIBIT 3

CIK") and Defendants KUNIO KOBIYAMA and STACEY KOBIYAMA, individually and collectively doing business as KEY CONNECTIONS INTERNATIONAL (hereinafter collectively referred to as "Defendant KCI"), states the following:

1. XGEL is a limited liability company, with the capacity to contract, sue and be sued, organized and existing under the laws of the State of Missouri with its principal place of business located in Phelps County, State of Missouri.

2. XGEL's sole shareholder, Dr. Nicholas Leventis (hereinafter "Dr. Leventis"), is a faculty member with the Chemistry Department of the Missouri University of Science and Technology (hereinafter "MST").

3. Defendant CIK is a corporation, with the capacity to contract, sue and be sued, organized and existing under the laws of Japan with its principal place of business located in Tokyo, Japan.

4. Defendant KCI is a partnership formed by Defendant Kunio Kobiyama and Stacey Kobiyama, existing under the laws of the State of California, with its principal place of business located in San Clemente, California.

5. XGEL's business purpose is to research, develop and market cross-linked aerogel technology. Pursuant to a separate licensing agreement with MST, XGEL possesses exclusive licensing rights to certain patents obtained by MST that results from Dr. Leventis' research.

6. Defendant CIK develops polymer and nanomaterial technology, applications, production and manufacturing processes and commercial development of products based on those technologies.

7. XGEL and Defendant CIK, via its agent and representative, Defendant KCI, negotiated a three (3) year Strategic Alliance Agreement which was executed on or about July

2

27, 2007 (hereinafter "Agreement"). Per its terms, the Agreement is to be governed by the law of the State of Missouri and all judicial disputes arising therefrom are to be brought in the Circuit Court of Phelps County, Missouri.

## COUNT 1—BREACH OF CONTRACT

COMES NOW, Plaintiff XGEL TECHNOLOGY, LLC and for its first cause of action directed against Defendant C.I. KASEI CO., LTD. states the following:

8.  Plaintiff hereby realleges and incorporates by this reference paragraphs 1-7 of Plaintiff's Petition for Damages as and for Paragraph 8 of this Count I as if fully set forth herein.

9.  On or about July 27, 2007, XGEL and Defendant CIK entered into the Agreement to collaborate on cross-linked aerogel research being performed under the direction of Dr. Leventis at MST (hereinafter "Research") and on the global marketing of commercial applications that resulted from the Research. The Agreement was the result of negotiations between Dr. Leventis and Defendant CIK's agent and representative, Defendant KCI.

10. Per the Agreement, Defendant CIK would have access to all of the Research, receive reports on the status of, and developments coming from, the Research, share in the benefits of XGEL's patent licenses, and obtain the exclusive right to market commercial applications of the cross-linked aerogel technology in Japan and Asia, Russia, Ukraine and Belarus, among other benefits.

11. In exchange, Defendant CIK agreed, among other things:

a.  to provide XGEL with a researcher, who would be an employee of Defendant CIK, to participate in the Research;

b.  to pay XGEL royalties on gross sales of any commodities or value-added applications that resulted from the Research; and

      c.      to pay XGEL $236,000.00 in contributions and administrative fees over the three years of the Agreement.

12.     Defendant CIK provided its employee, Mr. Hidetaka Nakayama (hereinafter "Nakayama"), to assist in the Research.

13.     Pursuant to the terms of the Agreement, XGEL and Defendant CIK agreed to the following, among others:

      a.      that any intellectual property derived from the collaboration would be jointly owned by the parties;

      b.      that Defendant CIK and XGEL would freely share information on the progress of, processes used in, and breakthroughs achieved from, the Research;

      c.      that the Agreement would not be terminated by either party unless one party was rendered unable to substantially perform its obligations under the Agreement or committed actual fraud, defalcation or faithless conduct in violation of each party's duties to good faith and fair dealing as set out in the Agreement;

      d.      that in the event of termination, the terminating party would give the violating party 30 days notice of termination and an opportunity to cure any breach.

14.     XGEL fully and substantially performed its obligations under the Agreement.

15.     Defendant CIK failed to fully perform its obligations under the Agreement in that it refused to provide Dr. Leventis with Nakayama's research reports, it recalled Nakayama without replacing him in Dr. Leventis' lab, and it prematurely withdrew from the Agreement prior to the passing of three years, and without complying with the termination provisions set forth in the Agreement.

16. As a result of Defendant CIK's breach, XGEL has lost the benefit of the Agreement including, but not limited to: having lost $162,000.00 in contributions to research and administrative fees it was to receive from Defendant CIK per the Agreement's terms; having lost any and all royalties it was to receive from Defendant CIK's marketing of cross-linked aerogel technology's commercial applications; and having lost the opportunity to contract and collaborate with other research partners to market the technology.

WHEREFORE, Plaintiff XGEL TECHNOLOGY, LLC respectfully requests that this Court make and enter its Order and Judgment in its favor and against Defendant C.I. KASEI CO., LTD. for damages in such sum as is fair and reasonable and certain to be determined at trial in excess of $25,000.00, together with interest at the legal rate, including pre-judgment interest, and for such other and further relief as the Court deems just and proper under these circumstances.

### COUNT II--FRAUD

COMES NOW, Plaintiff XGEL TECHNOLOGY, LLC and for its second cause of action directed against Defendant C.I. KASEI CO., LTD. and Defendants KUNIO KOBIYAMA and STACEY KOBIYAMA, individually and collectively doing business as KEY CONNECTIONS INTERNATIONAL, states the following:

17. Plaintiff hereby realleges and incorporates by this reference paragraphs 1-7 of Plaintiff's Petition for Damages as and for Paragraph 17 of this Count II as if fully set forth herein.

18. Plaintiff hereby realleges and incorporates by this reference paragraphs 8-16 of Plaintiff's Petition for Damages as and for Paragraph 18 of this Count II as if fully set forth herein.

5

19. Prior to the execution of the Agreement, Defendant CIK, by and through its agent and representative Defendant KCI, represented to Dr. Leventis that over at least three years:

   a. it would collaborate with XGEL to research and market commercial applications of cross-linked aerogel technology by contributing to the expense of the Research and by paying XGEL's administrative fees;

   b. it would provide a researcher to assist Dr. Leventis and XGEL with the Research and the creation of commercial applications for the technology;

   c. both parties would share the benefits of, and credit for, any inventions created as a result of the Research, which was jointly performed by Defendant CIK's researcher and Dr. Leventis' lab; and

   d. both parties would openly share their research techniques, methods, processes and breakthroughs.

20. Both before and after the Agreement was executed, Defendant KCI acted as Defendant CIK's agent and representative in all communications and negotiations with XGEL.

21. The representations made by Defendant CIK, by and through its agent and representative Defendant KCI, were memorialized in the Agreement.

22. The representations made by Defendant CIK were false, in that:

   a. Defendant CIK failed to make the contributions and administrative fee payments as promised;

   b. it recalled Nakayama from Dr. Leventis' lab prior to the passing of three years;

   c. it did not openly share with Dr. Leventis the research techniques, methods, processes and discoveries of Nakayama, or the results of any cross-linked aerogel research being performed by Defendant CIK at its facilities in Japan.

23. Defendant CIK made false claims that certain developments in the Research, to which Nakayama contributed, were "inventions" that belonged solely to Nakayama and Defendant CIK in an effort to prematurely terminate the Agreement.

24. Defendant CIK, and Defendant KCI, knew the above representations were false at the times that they were made, because Defendant CIK did not intend to abide by the Agreement, or its terms, for the three year period, but instead intended to use the Agreement as a means of obtaining access to the Research.

25. The representations made by Defendant CIK, by and through its agent and representative Defendant KCI, were material to XGEL's decision to enter into the Agreement, and to allow Nakayama to have full and complete access to Dr. Leventis' laboratory facilities, to the Research, and to the breakthroughs being achieved from the Research.

26. Defendant CIK and Defendant KCI intended for XGEL to be misled by the representations in order to gain access to Dr. Leventis' lab and to the Research for their own commercial gain.

27. XGEL did not know that the representations made by Defendant CIK, by and through its agent and representative Defendant KCI, were false at the time the representations were made and acted upon by XGEL.

28. XGEL suffered, and continues to suffer, actual damages as a direct and proximate result of the Defendants' acts and/or omissions.

29. The actions and/or omissions of Defendants as aforesaid were outrageous because of the Defendants' evil motive and/or reckless indifference to the rights of others.

WHEREFORE, Plaintiff XGEL TECHNOLOGY, LLC respectfully requests that this Court make and enter its Order and Judgment in its favor and against Defendant C.I. KASEI

CO., LTD. and Defendants KUNIO KOBIYAMA and STACEY KOBIYAMA, individually and collectively doing business as KEY CONNECTIONS INTERNATIONAL for damages in such sum as is fair and reasonable and certain to be determined at trial in excess of $25,000.00, together with an additional amount as punitive damages in such sum as is fair and reasonable and that will serve to punish the Defendants and deter them, their agents and others from like conduct; together with interest at the legal rate, including pre-judgment interest, and costs, together with Plaintiff's attorney's fees, and for such other and further relief as the Court deems just and proper under these circumstances.

## COUNT III—QUANTUM MERUIT

COMES NOW, Plaintiff XGEL TECHNOLOGY, LLC and for its third cause of action directed against Defendant C.I. KASEI CO., LTD., states the following:

30. Plaintiff hereby realleges and incorporates by this reference paragraphs 1-7 of Plaintiff's Petition for Damages as and for Paragraph 30 of this Count III as if fully set forth herein.

31. Plaintiff hereby realleges and incorporates by this reference paragraphs 8-16 of Plaintiff's Petition for Damages as and for Paragraph 31 of this Count III as if fully set forth herein.

32. Plaintiff hereby realleges and incorporates by this reference paragraphs 17-29 of Plaintiff's Petition for Damages as and for Paragraph 32 of this Count III as if fully set forth herein.

33. XGEL, by allowing Defendant CIK to place Nakayama in Dr. Leventis' laboratory at MST, provided Defendant CIK with complete access to all of the Research being

performed during Nakayama's presence, and to research that had been performed prior to his arrival, regarding cross-linked aerogel technology.

34. The information Defendant CIK obtained regarding the development of this marketable technology is valuable to Defendant CIK and benefited Defendant CIK, who specializes in the marketing and development of nanomaterial and polymers, including aerogels.

35. Defendant CIK promised to pay XGEL to collaborate and participate in that research, and for the right to partner in the marketing and sale of the commercial applications of the Research.

36. Defendant CIK has failed and refused to pay, and continues to fail and refuse to pay, the reasonable value of the research information it obtained from XGEL.

WHEREFORE, Plaintiff XGEL TECHNOLOGY, LLC respectfully requests that this Court make and enter its Order and Judgment in its favor and against Defendant C.I. KASEI CO., LTD. for damages in such sum as is fair and reasonable and certain to be determined at trial in excess of $25,000.00, together with interest at the legal rate, including pre-judgment interest, and for such other and further relief as the Court deems just and proper under these circumstances.

KLAR, IZSAK & STENGER, L.L.C

BY: _____
BRIAN D. KLAR, #36430
PAUL F. WOODY, #60869
Attorneys for Plaintiff
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
TEL: (314) 863-1117
FAX: (314) 863-1118
Email: bklar@lawsaintlouis.com
Email: pwoody@lawsaintlouis.com