UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XGEL TECHNOLOGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV540 RWS |
| | ) |
| C.I. KASEI CO., LTD., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this action in state court in Phelps County, Missouri on January 29, 2009. Defendants Kunio and Stacey Kobiyama, d/b/a Key Connections International,[1] removed the case to this court under 28 U.S.C. § 1441 on April 8, 2009. Plaintiff seeks damages for breach of contract, fraud, and quantum meruit arising out of a contract signed by plaintiff and defendant C.I. Kasei Co., Ltd. (CIK), a Japanese corporation. CIK has not been served with process or appeared in this action.

Plaintiff moves to remand this action to state court on two grounds: 1) defendants are bound by a forum selection clause which prevents removal of this

---

[1] These defendants contend that they have been "erroneously sued herein as collectively doing business as Key Connections International, [and] erroneously identified as a partnership formed and existing under the laws of the State of California."

case to federal court; and, 2) removal is defective because defendant CIK has not consented to the removal of this case to federal court. Plaintiff's motion for remand will be denied for the reasons that follow.

Background Facts

In support of his argument that remand is required, plaintiff points to Article 15.1 of the contract between plaintiff and CIK, which provides in relevant part:

> ARTICLE 15- CHOICE OF LAW AND JURISDICTION 15.1 This Agreement and the performance of the parties under this Agreement shall be construed in accordance with and governed by the laws of the State of Missouri without regard to choice of law provision. The parties agree to submit any judicial disputes to the appropriate courts in Phelps County, Missouri.

A forum selection clause is prima facie valid and courts must enforce the clause absent a showing that enforcement would be unjust and unreasonable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A forum selection clause can act as a waiver of a defendant's right to remove an action to federal court, see Colonial Bank & Trust Co. v Cahill, 424 F. Supp. 1200, 1202-03 (N.D. Ill. 1976); John's Insulation, Inc. v. Siska Constr. Co., Inc., 671 F. Supp. 289, 294 (S.D.N.Y. 1987), but such a waiver must be "clear and unequivocal." See iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005); Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989).

The Court is not persuaded that the forum selection clause in the contract constitutes a waiver of defendants' right to remove. "Where the contract provides that the parties consent to the jurisdiction of state or federal court within a particular region, the agreement does not constitute waiver of a defendant's right to remove." Newman/Haas Racing v. Unelko Corp., 813 F. Supp. 1345, 1347 (N.D. Ill. 1993), cited with approval by Amerilink Corp. v. Cerco, Inc., 1996 WL 238525, *2 (E.D. Mo. May 3, 1996). In Thomas v. National Canada Finance Corp., 1995 WL 54479, *2 (N.D. Ill. Feb. 7, 1995), the court construed a forum selection clause limiting actions to "any court of competent jurisdiction in the counties of Cook or Will in the State of Illinois" as not excluding the federal court system. Id. "The forum selection clause is a geographical limitation, not a waiver of defendants' right to remove." Id.

After consideration, I find that the forum selection clause in the contract is a geographical limitation and does not constitute a waiver of defendants' right to remove the case to this Court, undoubtedly "an appropriate court[] in Phelps County, Missouri." See Amerilink, 1996 WL 238525 at *2. Because I am rejecting plaintiff's argument that the forum selection clause in the contract precludes removal, I need not, and therefore do not, decide whether defendants Kunio and Stacey Kobiyama, d/b/a Key Connections International, who are non-

parties to the contract, can nevertheless be bound by its provisions. Plaintiff's motion for remand will be denied on this ground.

Plaintiff also seeks remand on the ground that CIK has not consented to removal. Removal of an action from state court to federal court is authorized by 28 U.S.C. § 1441[2] and its procedures are governed by 28 U.S.C. § 1446.[3] Courts have interpreted § 1446 to impose a "rule of unanimity" which requires all defendants who have been <u>served prior</u> to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of service upon them. See <u>Marano Enterprises of Kan.</u>

---

[2]28 U.S.C. § 1441(a) provides:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3]28 U.S.C. § 1446(a) provides:

 A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001); Amteco, Inc. v. BWAY Corp., 241 F. Supp. 2d 1028, 1030, 1032 (E.D. Mo. 2003) (citing Thorn v. Amalgamated Transit Union, 305 F.3d 826, 832 (8th Cir. 2002)); Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996 (S.D. Iowa 2001)). It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal. See Roberts v. Palmer, 354 F. Supp. 2d 1041, 1043-44 (E.D. Mo. 2005); Jones v. Kremer, 28 F. Supp. 2d 1112, 1113 n. 2 (D. Minn. 1998).

CIK has not yet been served with process, but plaintiff argues that CIK's consent to removal is nevertheless required because it has notice of the suit. This argument is wrong because "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Thus, in the Eighth Circuit, each defendant has "thirty days after receiving service within which to file a notice of removal, regardless of when-or if-previously served defendants had filed such notices." Marano, 254 F.3d at 756. Because CIK has not yet been served, its consent to removal was not required. Plaintiff's motion for remand must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#12] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2009.